ipsa loqitur" was considered by the court of Appeals in Griffen v Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. In that case it is said by way of illustration: "If it be shown, however, that he was precipitated against the seat by reason of the train coming in collision with another train, or in consequence of the car being derailed, the presumption of negligence arises. The 'res,' therefore, includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue—the defendant's negligence. The maxim is also in part based on the consideration that, where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present." The use of this language, "the presumption of negligence," if standing by itself, might indicate a legal presumption which the jury were bound to apply. What follows, however, I think, clearly illustrates the meaning of the learned Chief Judge and expressly negatives such a construction. He speaks of the presumption of negligence, but immediately afterwards he says that "the application of the rule presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence," and that the res includes the attending circumstances, and was evidence to be considered by the jury in determining whether the accident was caused by the defendant's negligence. The question of the defendant's negligence was to be determined upon the evidence, including the inferences to be drawn from the attending circumstances, with the explanation offered by the defendant; but the general rule still applied that the burden was upon the plaintiff to show negligence, and the jury could only find a verdict for the plaintiff when they were satisfied by a preponderance of evidence that the accident was caused by the negligence of the defendant. This charge of the learned trial court, standing by itself, instructed the jury that from the happening of the accident negligence was presumed, and I do not understand that the jury were justified in presuming negligence, but were only to determine from the evidence whether or not negligence as a fact existed.

WILSON et al., Respondents, v. RAYMOND, Appellant. (Supreme Court, Appellate Division, Second Department. April 27, 1906.) Action by Joseph G. Wilson and William H. Griffin against Harry Raymond. PER CURIAM. Judgment of the Municipal Court affirmed, with costs. RICH, J., dissents.

WIMMER, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. May 11, 1906.) Action by Mary Wimmer against the Metropolitan Street Railway Company. J. F. Daly, for appellant. L. Skidmore, for respondent. No opinion. Judgment and order reversed, and new trial ordered, costs to appellant to abide event, unless plaintiff stipulates to reduce judgment as entered, including interest, costs, etc., to $15,338.63, in which event judgment, as so modified, and order, affirmed, without costs. Settle order on notice.

WINTER Respondent, v. CITY OF NIAGARA FALLS, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 14, 1906.) Action by Albert J. Winter against the city of Niagara Falls. No opinion. Order reversed, without costs, and motion granted, upon payment of $10 costs to the plaintiff, together with the costs of the action after service of answer, with leave to the plaintiff to discontinue the action, if so advised, without costs.

WOHLERS, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. April 6, 1906.) Action by Henry Wohlers against the Manhattan Railway Company and another. J. T. Davies, for appellants. V. P. Donihee, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

WYCKOFF, Appellant, v. FELT et al., Respondents. (Supreme Court, Appellate Division, First Department. May 11, 1906.) Action by Jacob V. D. Wyckoff against Henry L. Felt and another. W. Man, for appellant. B. L. Kraus, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

YOUNG v. TILYOU et al. (Supreme Court, Appellate Division, Second Department. April 27, 1906.) Action by Axel Young against George C. Tilyou and Frederick Ingersoll, sued as John Doe, and others. No opinion. Judgment affirmed, with costs.

ZAPFE v. JOHN MULLINS & SONS, Appellant. (Supreme Court, Appellate Division, Second Department. April 20, 1906.) Appeal from Trial Term, Kings County. Action by Albert Zapfe, as executor, etc., substituted in place of Franz Zapfe, deceased, against John Mullins & Sons. From an order denying defendants' motion for a new trial, they appeal. Affirmed. Frederick Hulse, for appellants. Isaac M. Kapper (Thomas E. Pearsall, on the brief), for respondent.

PER CURIAM. Order affirmed, with costs.

GAYNOR, J. (dissenting). I do not see how we can avoid reversing this order. As the deceased was crossing the street afoot he was struck by the end of the pole of the defendant's wagon drawn by a team of horses, and hurt. The team was coming along the left side of the street, and toward the plaintiff's left. He testified that he did not look that way in crossing, for the reason that wagons on that side had to come from the other direction. This erroneous notion runs through the case. The learned trial judge charged as follows: "As between a pedes-